24-60-68 I apologize We've got a jurisdictional question as well as what we thought we were here for originally so Mr.. Hoyt yes morning your honors and they please the courts cowboy for appellant insight Before I dive in if I might ask if your honors have any questions or issues of concern that I should focus on to start with I Guess I guess they'll come they'll hit me as they come The district court here recited the proper standard for analyzing this case on summary judgment But then it failed to apply that standard It recited that it was required to To Presume In favor of my client drawing reasonable inferences from the evidence in its favor on the summary judgment process But it did not do that instead it relied on immaterial parole evidence to overlook the Unambiguous terms of the controlling contracts surety bond and the master lease agreement But did so without making any findings that those expressed terms were ambiguous And the bond clearly on its face says that it pays claimants That have a direct contract with the bond principal that's icon for material expressly including Rental equipment to be used in the performance of icons job on the Air Force base Now it's undisputed here that my client had a contract With icon it was the master lease And that that contract was for the modular unit that was being used on the Air Force base It was to be leased continued to be leased and used on that Air Force base and yet The the court relied on immaterial parole evidence to imply or read terms into the bond that aren't there Why was it immaterial? Isn't the bond? It's in payment on the bond dependent on whether your clients supplied materials or labor to the project Supply interestingly enough you're on the word supply doesn't appear in that bond And the court read in that to supply that you have to physically supply Manufacture deliver or install in order to qualify, but the bond doesn't say that is those bonds aren't always interpreted that way No, no, in fact, we've cited two cases the Palico case and the vital farms case where? Almost identical bonds were helped to apply in fact summary judgment was granted to the claimant in vital farms That was a lessor of Equipment it did not manufacture it did not install it did not deliver it and the least like here said I'm not the supplier the purpose being that they wanted direct warranty claims to the manufacturer But that case is identical to this one and yet they held that a finance lease for that equipment in that case Qualified under a bond with identical terms here, so no they're not interpreted to require that you physically have to supply Manufacture install or deliver those are terms the court read into the bond They're not there. Would you argue to be the same if you? had least icon a Traditional building you know you know a building that was constructed nearby and Was used as the as the phasing I'm not sure would your honor because that's real estate I mean, we're talking about a modular unit that was assembled. It's like it's a piece of equipment Well if they can you know modular homes or real estate, right Right this was used. I believe for a dental clinic on the Air Force Base but Why is that equipment under the well? I'm not I'm not saying that my argument would be different I just haven't considered that proposition if it's more on the real estate side, but it's if it's still leased for use On your for the building the building doesn't look like you know tools or the sword it It looks different, and yeah, I don't believe that argument was presented by the by bond company in this case I don't believe they made that argument or that was presented for the appeal That somehow this doesn't qualify because it's a modular unit. I don't believe they were made in they object that it was the rental of equipment They their objection your honor was that That the finance lease is in essence alone So the court in the court held that what you provided was money you didn't provide anything tangible and if that was true Then you wouldn't be able to collect on the bond is that correct if that were true and interestingly enough the cases that they rely on at page 16 of their appellate brief You didn't actually answer. You just repeated my question if that were true. Do you agree that you would not be entitled to? Recovery on the bomb if it was if it was a straight loan I agree, and I was I was pointing out that at page 16 of their brief Recite a Bunch of cases that deal with banks and promissory notes and what actual loans, so they're really not on point well if the facts here if the evidence here showed that this was essentially alone Then you would lose is that correct I Object to the word essentially in a context where now that would require a factual determination Yeah, and that's the problem here that even if you agree that this is susceptible to that interpretation You don't get the finality and summary judgment on that basis because there's a very least conflicting parole evidence We presented a number of parole evidence that is material that was disclosed in the negotiations that they were negotiating for a lease a finance lease not alone and We provided a UCC filing that said it's a lease and that we have title and we provided Evidence that we were asked to collect the unit at the end as title holder the terminology in your agreement Can be Set aside the court is not bound by the terminology in your agreement No, I disagree your honor. You've got to start with you have to start with the unambiguous terms of the contracts That's right. That's all the rainbow This happens all the time when a contract Says this person is an independent contractor That doesn't bind the IRS is checking to see whether this person is an employee. You should pay Social Security It doesn't find the Department of Labor in terms of whether you paid overtime or provided benefits The terms of the contract Do not bind the third party. This is what we have here. You keep insisting on the pro-evidence rule That's no application in this circumstance, does it? Well, that's the J.R. Fulton case. They rely on your honor That's the only case they cited for that and that there are a number of cases that say And treatises that say third parties are not bound by a pro-evidence rule unless they're Unless they're successors in interest or something like that Well, that leads to some pretty absurd results that the parties to the contract can't alter their agreement by the pro-evidence rule But a stranger can yeah, that's right. Yeah. Well, even if even if it's all the time, there are lots of cases Well, they only cited one case for it. It dealt with a real estate broker research You might have found some cases It dealt with a real estate broker agreement where they were trying to determine the time it was signed not reinterpret the terms And they said that the parole evidence rule doesn't apply to that. Do you disagree that? Do you think that when the parties say you're an independent contractor that binds the IRS and the Department of Labor? If the contract is between an independent contractor and I think you have to start with the terminology and then if there's parole evidence That's material that shows otherwise You can go to it, but I don't think you don't bother with the terms. Well, I guess it's one factor They have like 12 factors. That's hardly just positive. Yeah, you have to Independent contractor you got to determine where the control lies. That's right. In fact, that's a question of fact And you're not bound by the by the terminology and Perhaps perhaps not but you have to get there with material parole evidence to show the control It's not called parole evidence in this circumstance because the parole evidence rule doesn't apply now I'm not saying you lose but but Okay, let's say we're not let's say we're outside the parole evidence rule The evidence you present has to be has to be admissible. It can't be hearsay. It can't lack foundation here But by a guy that after the claim was filed all of a sudden says, oh this was a sham loan In an appellate appendix 819 822 in his deposition. I got him to admit I never used those terms until the NAS attorneys presented me an affidavit that said it was a sham loan That's conclusory language anyway But the court can look at what the substance of the agreement was and if the court determined That the substance of this agreement was a loan Then you agree that you couldn't correct collect under the bond, is that right? I would agree that if there's a factual determination at the end of the day that that's the case Then then then you're right But you can't let's argue. Let let me hear why you say this was not really a loan That really was a supplying of material Okay, there's a master lease that sets out the rent terms the termination of the rent that title is with my client There's a UCC filing that says it's a lease and title is with my client there's a request by the By icon at the end of the use of the unit that we come get our unit So no dispute that we're the owner. So it's it's it's a purchase lease back and that's those are the fact that that they present a witness who signed off on this thing as a master lease without objection and started to pay rent and Then only after the claim is filed with the bond company because he has an indemnity agreement to have he has to indemnify the bond Company for every dollar paid under the bond. So now all of a sudden when he's asked to coordinate With the with the bond the bond provider to get on the same page. He calls it a sham loan That's the first time we see that this This building was built For the hospital and the hospital paid to have it built. Is that correct? No icon icon Built it to provide to the general contractor United for use at Vance Air Force Base So it's manufactured there. It was then delivered. It was installed. There's no dispute that my client didn't manufacture install or deliver it Okay, but when it was built it was built for the specific purpose of using that this hospital sector took to For the performance of icons contract to provide it to United for paid for getting it built Well icon, I believe initially, okay, so all the Material and work that was used to build it would be covered by this bond. Is that correct? Yes And now it's built and you're saying you're going to be Covered under the bond a second time even though there's nothing more to be built or you know It's already built and it's on site Now you're going to now it's now it's got another arrangement and you're going to cover that by the well now it's being rented with rental fees to be paid Initially to icon but icon chose to enter into a finance lease with us whereby we would become the less or This all this all is set forth in the contract the master lease and the bond By the way, again, the bond does not require any specific Manufacturing installation or delivery. It just says a contract for the use of the material in performance of icons contract After the building was built Did the hospital or the general contractor have to pay any rent? For it to be on site until the project was completed Yes, the general contractor was initially obligated to pay rent to icon for it and wasn't that the facility was built and delivered before You entered into the master lease agreement, correct? But again, there's nothing in the bond that says we have to be the provider at the at the outset It just says it's a contract for its use. Well, it's it's continued use is in the performance of Icon subcontract here again, that would be dead be implying a timing element. That's not there. I would like to reserve remainder of my time Good morning Morning May it please the court. My name is Robert McGreeny. I represent the appellee and cross-appellant North American specialty insurance company this was a financial transaction pure and simple a creative one But nevertheless a financial transaction that falls well outside the scope The payment bond that was issued by my client on behalf of icon. It would help me. Yes, sir If you went through how this building was built and then who was supposed to pay what and so on Absolutely. We have a federal government project Accompanied by the name of United Excel Corporation was the prime contractor Icon was a subcontractor to UEC Icon and icon alone designed Fabricated delivered and installed these modular buildings and then Was it paid for the building? Was there a? Lump sum that said, okay, you bought this building. Absolutely So so the way the subcontractor worked between UEC and icon like most subcontracts icon was paid On a percent complete basis as it went through the process of design fabrication Delivery and ultimate installation of the modular buildings what are called the TPFs There was then a rental component. And so your questions earlier to mr. Hoyt were right on target This building had been fully Fabricated delivered installed Sitting there on the base ready to earn rental income and in steps Inside investments, let's say that's the last step never occurred. Yes, sir, and there were rental payments to be made For that building and those payments weren't made Did that be covered by the bond? icon Could make a claim against the Miller Act bond that was posted by UEC and its surety because it was providing Material that's right because it is a true Supplier of materials Really the timeline but then it sells if it sold that building to someone else the rent would still be due for the building and That somebody else Could collect on the bond if it wasn't paid that rental. Is that correct? Not under the facts of this case. I mean, is there a theoretical possibility? I changed the fact. Yeah So you have the company that built the building It got paid along the way and that's being paid rent and you think that rent if it weren't paid The owner of the building could collect under the bond if the owner of the building then sold that building to someone else and The rent wasn't paid then that Buyer of the building could collect from the bond. Is that right? I Honestly don't believe so judge hearts and that gets into a question Well, I don't I don't know first doesn't that ownership doesn't matter does it? I I don't think it matters and it certainly doesn't matter under the fact that matters whether it's material or not, right? And and you know this issue is as mr. Poit pointed out. We did not get to the point of Fully briefing the issue of whether or not a modular building essentially an office space is Equipment within the meaning of the bond. Well, isn't that the core question here? It is one core question for sure, but if I disagree with you on the that The Inside is a finance company if I disagree with you on that isn't the central question whether the buildings Equipment or not It would be a central question for sure if you said that this was because if it is equipment then it's material and Would be covered by the bond if you said this was a legitimate Transaction and not just a finance transaction. I would argue still that Number one The TPF the modular buildings are not equipment within the meaning of the bond and applicable law and I would still argue that the new owner of the building may not qualify as one of the class of persons who are intended to be protected under a payment bond well There are two ways in which the owner of the building are getting paid at this point I gather One is it's supposed to be paid rent For the building and the use of the for this project, yes but here the problem is that the company that built The building is not making its payments under a lease or whatever with The party it sold the building to Well, it's a little more complex than that You're on as it relates to this specific case because remember the building was already built Icons money built the building icon didn't need anything from inside Except money. All right, the building was there it was delivered. It was installed It was ready to earn rental income There would be absolutely no reason for icon at that point to what go sell its revenue stream Why would you do that? And the record is very clear why they did that is because they were going broke and they needed operating capital They've been kind of working this relationship with inside investments Inside investments they've been working this relationship with them for several years talking about various intricate Financing formulas and things of this nature that could help them with cash flow. They were supposed to be paying Making payments to insight and what you're saying is the payments they were making the insight were not for material That's already been taken care of Absolutely not and and in fact the way it was originally structured if you look at the schedule one to the so-called master lease agreement UEC the prime contractor on the job initially was going to just start making rental payments directly to inside investments and what they were doing your honor is repaying the $410,000 upfront funding that was provided by inside investments. You can think of it in that sense What kind of legitimate sales transaction do you sell something? You get paid and then you have to pay back the sales price Because if you look at what's going on and you take this idea that well, maybe if it was a legitimate transaction There would be some rental income that's owed from and after a new buyer for the building you would have had at the point that this bond claim was made only two or three months worth of rent and instead what they did is they Accelerated the balance of the lease agreement because the bottom line was this they provided $410,000 in upfront funding That is clear in the record. There are email exchanges Days before this master lease agreement was ponied up that make it very clear What we are doing is we are providing up front funding We are an equity partner now an investor with the bonded principle with icon construction That takes them in out of the class of persons intended to be protected in and of itself Which is really what the district court honed in on they honed in on two issues and they are the critical two issues Did insight supply labor and materials and the answer is no they provided nothing but money Did insight fall within the class of persons Intended to be protected by this payment bond and the answer is no They're a finance company If I could mention a couple of things that are I Don't think really contested, but I believe are significant These bonds do not cover banks They do not cover lenders They do not cover finance companies. They do not cover equity partners or joint ventures or Companies that invest in the bonded principle, could you clarify one answer you previously gave? Yes, if insight never came on the on the scene and United stopped making payments to icon With the North American bond cover those failed payments from United to icon If icon Fell to pay or UEC fell to pay icon. Yes. No, no, no, no, not not the North American bond Let me be clear about United's. Yeah, the UEC bond. Okay. Yeah, and that actually happened I mean the the thing that you can't get from the record Although there are actually footnotes all throughout the briefing that mr. Poit and I did There was so much litigation and still is litigation stemming from this very creative financial arrangement between inside investments and and icon and there were lawsuits ultimately an arbitration between icon and UEC Icon would qualify as a proper Miller Act payment bond claimant Against UEC and UEC surety icon Matt can't make a claim on its own bond, right? Of course These folks do not qualify as a legitimate claimant under the icon bond Because they are not a supplier of labor or materials They are a finance company and you do need to explain to me why the Assuming I disagree with you on that why the facility is not Equipment that would be covered by the the lease because the term equipment as used customarily in the construction business and as I believe it's intended to be used in the bond and in applicable law is things like scaffolding cranes Vehicles that might be rented Pulling up a mobile home and yes for a temporary office. Why wouldn't that well? Again it's a tool in a sense for completing the project. It's a living space I don't know do you have any cases that involve that situation with the temporary? building Useful for construction of a project and whether that How if at all that's covered by a bond are there any cases that you know of one way or the other there is? a case that Actually is from I believe the Western District of Oklahoma It is BKJ solutions, I think is one of the party. I know it's cited by mr. Hoyt. We mentioned it as well in our briefing The issue in that case unfortunately is not whether or not a modular building is an item of equipment The issue in that case is that the prime contractor and its surety We're taking the position that the Miller Act bond only applied to actual physical site work on the project and I believe it was Judge Vicki Myles LaGrange who determined and quite frankly correctly determined That the Miller Act bond itself is not so limited. It doesn't just apply to physical work It can apply to other types of labor materials actually furnished But again, these folks didn't provide the TPF all they provided was money and what they really want to do here and why there's been so much focus on the Parole evidence rule is they want to take the position that the surety company is one bound by the parole evidence rule which we're not and number two that we're bound by the characterization of the relationship the label placed on it by icon and Inside investments, which is not the case and and this court in fact was one of the leading jurisdictions in A case called St. Paul versus I believe it's HC Jones To say that surety companies on payment bond claims have every right to look into the true nature of the relationship So there's no question here that The district court did the right thing and they looked at the true nature of the relationship And they looked at whether or not there was a real sale and lease back Or was this just a paper transaction and this was just a paper financial transaction that's not covered under the bond Let me say briefly We do have a cross appeal. We did seek attorneys fees. They were denied by the court I will say very quickly in the last 30 seconds The outcome of this case Obviously favorable to us is not determinative of the nature of the action that was initiated against us 12 OS 936 mandates an award of attorneys fees for the party that prevails in an action to recover for labor and services rendered That was the nature of their claim and we prevailed because they didn't provide labor and services But that doesn't change the basis for which they sought a recovery, thank you very much You have little time for rebuttal Let me go back to your honor hearts your your point about they can challenge the nature of the transaction Even if that were the case the case they haven't cited a single case that says that can be done on summary judgment Loan versus lease the cases they've cited all dealt with full evidentiary hearing and factual Determinations not the least of which would be the credibility of the key witness Well, if it turns on credibility, you're not getting summary judge, right? And mr. That's nothing to do with parole evidence, right? But I I would submit that mr Kale we presented enough evidence to show his credibility was hugely challenged that I should be allowed to cross-examine him at a trial Because he was the key witness calling this a sham loan So that the very least creates a fact issue as does the other conflicting? Evidence put aside whether it's parole or not. There was a plenty of conflicting evidence That the court was not allowed to make factual determinations on in the summary judgment context Now their position would be that that you could that law will not recognize a purchase and lease back as a true Lease and that's his faults A finance lease in the Palico and vital farms case of equipment was held to be a true lease Was standing almost identical terms to what we're talking about here. Those are legitimate leases He says they didn't need us, but they're going broke. But but yet they didn't eat us. Yes. Okay. Thank you Since that was a cross-appeal for 30 seconds Okay I would just point out the cases they cite for that There was no dispute that that would but that there was a subcontract a contract for labor and material The issue was whether the the claimant prevailed under that contract here the very issue was they quit they challenged that there wasn't any such contract and The point and the point is that they also waived it because in all of their pleadings their pretrial final pretrial statement They stated we are not seeking Attorney's fees from insight because the statute doesn't apply Thank you Thank You counsel cases submitted counselor excuse we're going to take a short break